UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANDRE HAMILTON,

    Plaintiff,

v.                                       CAUSE NO.: 3:19-CV-615 DRL-MGG

WARDEN *et al.*,

    Defendants.

## OPINION AND ORDER

Mr. DeAndre Hamilton, a prisoner without a lawyer, filed a complaint alleging he was denied medical treatment for his asthma. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hamilton alleges that Officer Masson and Sergeant Gordon denied his request for medical assistance on July 14, 2019, while he was having an asthma attack, his chest was hurting, and he feared he was going to die. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the

defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotations omitted). Here, Mr. Hamilton's allegations state a claim against Officer Masson and Sergeant Gordon.

Mr. Hamilton also alleges that Nurse Suzen does not always give him a breathing treatment when he goes to medical. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [she] actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, Mr. Hamilton has not articulated enough facts to infer plausibly that Nurse Suzen's decision not to give him a breathing treatment every time he went to medical was not based on her professional judgment, or that it was otherwise deliberately indifferent. Mr. Hamilton does not say when he visited medical, nor what symptoms he was having, nor the circumstances of the visits or his condition that warranted a breathing treatment when he allegedly did not receive one.

Mr. Hamilton also names the Indiana State Prison Warden and Wexford as defendants, albeit without any substantive allegations. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and these defendants cannot be held liable simply because they employ other defendants. *See Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

For these reasons, the court:

(1) GRANTS Mr. DeAndre Hamilton leave to proceed against Officer Masson and Sergeant Gordon in their individual capacities for compensatory damages for his claim of denying him medical treatment for his asthma on July 14, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden, Wexford, and Suzen;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Masson and Sergeant Gordon at the Indiana Department of Correction with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Masson and Sergeant Gordon to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 13, 2019

*s/ Damon R. Leichty*
Judge, United States District Court